THE CITY OF DEXTER, Appellant, v. J. W. McCOLLOM, Respondent.

St. Louis Court of Appeals, May 15, 1894.

Practice, Appellate: PRESUMPTIONS. The rulings of the trial court are presumed to be correct. Accordingly, a ruling based upon evidence presented to that court will not be reviewed on appeal, when the record discloses that it does not contain the whole of this evidence.

*Appeal from the Stoddard Circuit Court.*—HON. JOHN G. WEAR, Judge.

AFFIRMED.

*C. L. Keaton*, City Attorney, for appellant.

*J. L. Fort* and *D. R. Cox* for respondent.

BOND, J.—This action was brought before W. C. Brown, mayor of the city of Dexter, a city of the fourth class, upon the following complaint:

"STATE OF MISSOURI,　　　　Before W. C. Brown,
"County of Stoddard,　 } ss.　 Mayor of the City of
"City of Dexter.　　　　　　Dexter.

"City of Dexter, plaintiff, *v.* Jesse W. McCollum, and Newton Pardue, defendants. Jesse W. McCollum and Newton Pardue to the city of Dexter, Dr. To violation of ordinance of number 40, sections 1 and 5 of the city ordinance in relation to druggists, etc., $500. In this: That the said Jesse W. McCollum and

Newton Pardue, the said Jesse McCollum being the proprietor conducting a drug store, on the first day of February, 1893, at the city of Dexter and within the limits thereof, did then and there, unlawfully, directly or indirectly, sell and dispose of intoxicating liquor in less quantity than one gallon, to wit, by the dram or drink, to M. V. B. Dairman, without a license as a dramshop keeper, or a prescription of a regular registered practicing physician, or any authority therefor.

"And for further cause of action and complaint, that said defendants did then and there suffer said liquor to be drunk at, in or about, their place of business aforesaid by the said M. V. B. Dairman.

"Contrary to said ordinance in such cases made and provided, and against the peace and dignity of the said city of Dexter.          C. L. KEATON,

"City Attorney."

"C. L. Keaton, city attorney, makes oath and says that the facts and allegations contained in the foregoing complaint are true according to best knowledge, information and belief of affiant.

"C. L. KEATON."

A warrant was issued on the above complaint and executed upon the two defendants, and the cause set for trial after various continuances on July 26, 1893, when the parties appeared and trial before the mayor and a jury of six was had, which resulted in a verdict of acquittal of defendant Newton Pardue, and conviction of the defendant McCollum on the "second count" and the assessment of a fine of $50 against him.

The cause was appealed to the circuit court of Stoddard county, where defendant moved to dismiss the suit on the following grounds:

"*First.* Because there is no official information filed herein against these defendants.

"*Second.* Because these defendants can not be

lawfully prosecuted on the charge herein upon an affidavit only.

"*Third.*    That said affidavit charges no offense known to ordinances of the city of Dexter, or the laws of the state of Missouri.

"*Fourth.*    Because said affidavit is uncertain, indefinite and bad for duplicity.

"*Fifth.*    Because it attempts to join two or more offenses, which can not be joined in any criminal or civil pleading.

"*Sixth.*    Because the court, before whom this cause was tried, had no jurisdiction after defendants' affidavit for a change of venue was filed.

"*Seventh.*    Because said affidavit fails to set out the ordinance under which defendants were prosecuted."

The bill of exceptions recites that this motion was sustained by the court, and plaintiff's action dismissed, "under the provisions of the ordinances of the city of Dexter, as is set out in sections 27, 33, 115, *116*, 118, 121, 156, 160 *and others.*"

We have carefully examined the transcript of this record, and it does not contain the ordinance called for in section *116*, *supra*, nor those comprehended under the terms "*and others.*"

As this evidence was before the trial court and is not before us on this record, we must presume it justified its action thereon in dismissing plaintiff's cause of action.

The judgment herein is, therefore, affirmed.    All concur.